In re Meunnichow, Helene Meunnichow has not appeared for oral argument and her position will be submitted on the briefs. Jessica L. Bagdanov, counsel for Appelee, David Soror, Chapter 7 trustee. Jessica Bagdanov, BG Law, counsel of record for David Soror, the Chapter 7 trustee and Appellee in this matter. Okay, we're not going to ask if you're going to reserve any time, okay? Understood.  And my main purpose in being here, Your Honors, and I appreciated that Your Honors kept oral argument on for calendar today and I'm mostly here out of an abundance of caution in case Ms. Meunnichow did happen to show up and to address any arguments she were to make. I don't have substantive matters to add to the briefing, I think the Appellee's brief and in addition, Judge Kaufman's order denying a stay pending appeal really frames the issues correctly and rightly analyzes the law on the matter. In preparing for today, I reread Ms. Meunnichow's opening brief to try to think about what she may say in her reply brief if it's filed before this matter is submitted and I really got the sense, Your Honors, that Ms. Meunnichow feels that she did not receive a fair shake in this matter and really wanted her moment to be heard about all of the grievances that she has with the Trustee's administration of this estate. But I'll say that Ms. Meunnichow's feelings on the matter are really belied by reality. This case is a long time, this is a long time case. This case predates me being involved, dates back to 2017 and at all times until recently Ms. Meunnichow was represented by counsel, various counsel, I'll admit. But here, I think her rights have been properly raised in all of the contested matters that have happened in the bankruptcy case and I did want to say that sometimes in the case with pro se appeals, there's numerous falsehoods and factual misrepresentations and it's impossible to address every single one of them. But from a big picture standpoint, I wanted to note that simply because Judge Koffman agreed with certain arguments at the oral argument on the sale hearing doesn't necessarily mean that she favored one attorney over the other. Those are different things and in many cases during the transcript, during the hearing, Judge Koffman did make sure that unsecured creditors would be receiving a benefit from the sale and that the trustee would be paying Ms. Meunnichow the homestead exemption to which she was entitled by virtue of her status as a surviving spouse. And so, I just wanted to note those for the record because Appelli's brief really focused on the law and the standards of review on when homestead exemptions are determined and the propriety of the sale, much of which has gone by the wayside because the sale did close in January and Ms. Meunnichow did receive the exemption monies. She did reinvest the homestead proceeds into a new homestead this year. But I wanted to take a moment to address really the feeling that I got from Ms. Meunnichow's briefing that she felt that she was treated unfairly and I do not believe the record supports that and quite the opposite. And so, to the extent your honors have questions for me, I'm here to answer them, otherwise your honors, I'll submit. Judge Niemann, any questions? I don't have any questions. Judge Gantt? No, I think you've addressed everything. It appears that there's only two issues, they were the sale and the exemption claim. And the sale is pretty much completed after there was no stay granted and it's now in January it's done. And her concerns about the price, what unsecured creditors are going to get, is all moot essentially at this point. It is. And Judge Kaufman addressed much of that at the hearing on the sale to ensure that unsecured creditors would be receiving something. And I think one of the things that frustrated Judge Kaufman during the hearing was that I argued the sale motion and I had a colloquy with Judge Kaufman in the transcript about how much the unsecured creditors were to receive and the trustee's estimates on those matters and opposing counsel. It appeared from her arguments going forward that that colloquy was not considered by her. It was kind of like people were in different universes arguing about different things. From her perspective, it appears that she didn't think it should be property of the  It should have remained her own property and that's where her focus was because then she's entitled to a $600,000 exemption and the property never gets sold and that's where her argument but those arguments about the sale are not relevant any longer. And Ms. Munichow herself conceded that point, Your Honor, when in motions to extend the briefing schedule in this appeal, Ms. Munichow did clarify, for Your Honors, that the issue she's not trying to undo the sale at this point and understood the finality of that matter. That really the sole issue going forward was the proper amount of the homestead exemption and I think the case law is pretty clear on that point. And I think we're fine.  Thank you. Thank you, Your Honors, very much. Now I think we, I'm not sure if this is formally submitted, I think we're allowing Ms. Munichow Yes. 30 days. Okay. So we'll be waiting for that and as soon as we have them, all the matters that we expect, we will take the matter into submission and we'll get you a written decision as soon as we can. Understood. Thank you very much for your time. Thank you very much. Nice to see you again. You too. Thanks.
judges: Lafferty, Gan, and Niemann